```
            IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION


ANDREW MACEDONIO CORTEZ,        §
                                §
         Plaintiff,             §
                                §
VS.                             §   NO. 4:04-CV-782-A
                                §
P.R. GENUALDO,                  §
                                §
         Defendant.             §
```

MEMORANDUM OPINION
and
ORDER

Currently before the court for consideration is the motion of defendant, P.R. Genualdo, for summary judgment. Based on the motion, the response of pro se plaintiff, Andrew Macedonio Cortez, the summary judgment record, and the applicable authorities, the court concludes that the motion for summary judgment should be granted.

I.

Plaintiff's Complaint

In plaintiff's active pleading, his amended complaint filed March 31, 2005, plaintiff alleges an action under 42 U.S.C. § 1983 against defendant, a police officer with the City of Fort Worth, Texas, for unspecified damages resulting from defendant's alleged assault and use of excessive force during plaintiff's arrest on November 5, 2002. Plaintiff contends that defendant's conduct during that arrest violated his rights under the Fourth Amendment to the United States Constitution.

II.

Grounds for the Motion

In his motion, defendant urges that summary judgment is proper on that grounds that "Plaintiff admit[ted] in his deposition that he cannot identify Defendant Genualdo as the police officer that allegedly assaulted him, and after the completion of discovery, has failed to produce the name of any witness who can identify the Defendant as the person who allegedly assaulted Plaintiff." Mot. at 1-2. In other words, defendant argues that there is no evidence in the record that defendant assaulted plaintiff.

III.

Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule

2

56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. <u>Anderson</u>, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." <u>Forsyth v. Barr</u>, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. <u>Anderson</u>, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. <u>Simmons v. Lyons</u>, 746 F.2d 265, 269 (5th Cir. 1984).

## IV.

### Undisputed Facts

The following is an overview of the evidence pertinent to the motion for summary judgment that is undisputed in the summary judgment record.

During the early evening hours of November 5, 2002, defendant, a police officer for the City of Fort Worth, was dispatched as part of a two-officer unit to investigate a domestic disturbance at 2031 Lincoln Avenue, Fort Worth, Texas. Upon arrival, defendant ascertained that the alleged dispute involved plaintiff and a female named Laura Thompson

3

("Thompson"). Defendant and his partner located plaintiff and Thompson sitting in a parked car, idling in a driveway of a home located at 2011 Lincoln Avenue. When defendant approached the vehicle, plaintiff placed the vehicle in reverse and, despite commands from the uniformed officers to halt, proceeded to accelerate out of the driveway and northbound up Lincoln. Thompson was able to exit the vehicle just prior to plaintiff's northbound acceleration of the vehicle.

Defendant and his partner began pursuing plaintiff northbound up Lincoln. Shortly thereafter, plaintiff crashed his vehicle into the rear of a parked car approximately five blocks north from where the pursuit had begun. Plaintiff then exited his vehicle, and began to flee on foot. Defendant later apprehended plaintiff hiding on the south side of a home located at 2515 Lincoln Avenue. Defendant handcuffed plaintiff, and had him lie down flat on his stomach. By that time, several other Fort Worth police officers had arrived to participate in plaintiff's capture.

While plaintiff was lying on the ground, a car arrived at the scene. Plaintiff heard someone exit that car, approach his position, and say: "Is that him?" Def. App. at Ex. 6. The man who made that statement then assaulted him. Plaintiff has not

4

identified defendant as the man who allegedly assaulted him,[1] nor has he produced any witness who has identified defendant as the assailant.

## V.

## Analysis

In all actions brought pursuant to 42 U.S.C. § 1983, "the plaintiff bears the burden of proving that the defendant, while acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. Thus, in a case where the alleged deprivation is the use of excessive force in the course of an arrest, the plaintiff must prove that the defendant used excessive force while arresting him. " <u>Edwards v. City of Phila.</u>, 860 F.2d 568, 572 (3rd Cir. 1988) (quoting <u>Wing v. Britton</u>, 748 F.2d 494, 497 (8th Cir. 1984). There is no evidence in the summary judgment record that defendant assaulted

---

[1] In his deposition, plaintiff stated:

Q: So you didn't actually see which officer hit you or stomped you or struck you?

A: No, sir.

Q: Okay.  Then why did you sue Officer Genualdo?

A: Because he was the arresting officer, and he was one of them
that was at the police scene and he -- he took responsibility saying that he was the arresting officer . . .

. . .

Q: But you didn't actually see him do it [assault plaintiff]?

A: Well, no, I didn't.

Def. App. at Ex. 7.

5

plaintiff.  Because there is no evidence that defendant committed the alleged assault, plaintiff cannot meet his burden of proving defendant used excessive force while arresting him.  Therefore, summary judgment is appropriate in this case.

VI.

O R D E R

For the reasons stated herein,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted and that all claims asserted by plaintiff against defendant in the above captioned action be, and are hereby, dismissed.

SIGNED February 7, 2006

    /s/ John McBryde
JOHN McBRYDE
United States District Judge